**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Crim. No. 13-29 (KM) |
| v. | : |
| HO-MAN LEE, | : MEMORANDUM OPINION |
| Defendant. | : |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court upon the motion (Dkt. No. 188) of the defendant, Ho-Man Lee, for release on bail pending the disposition of his appeal from his criminal conviction. The motion was filed very shortly before the date of Mr. Lee's scheduled surrender for service. I therefore extended that surrender date for one week, until October 7, 2015, to give the government an opportunity to respond. I have reviewed the government's response (Dkt. No. 190), as well as Lee's reply (Dkt. No. 191).

On January 23, 2014, the Hon. Faith S. Hochberg accepted Mr. Lee's plea of guilty to a charge of conspiracy to unlawfully produce false drivers' licenses, in violation of 18 U.S.C. § 1028(f). Thereafter, Judge Hochberg repeatedly adjourned the date of sentence. Eventually, Lee filed a motion to withdraw his plea of guilty. (Dkt. No. 150) In connection with that motion, Judge Hochberg issued a material witness warrant for Han Chul Na, who had been convicted of related charges and was awaiting deportation. (Dkt. No. 154)

The case was reassigned to me on March 16, 2015, after Judge Hochberg's retirement from the bench. (Dkt. No. 167) After reviewing the

parties' submissions on the motion to withdraw the guilty plea, I heard oral argument and held an evidentiary hearing on April 14, April 16, and April 20, 2015. (Dkt. Nos. 170, 171, 172) On August 28, 2015, I filed a 30-page Memorandum Opinion, containing findings of fact as well as a legal discussion. (Dkt. No. 173) I assume familiarity with that Opinion, in which I denied Mr. Lee's motion to withdraw his guilty plea.

Judgment was entered on August 28, 2015. (Dkt. No. 183) I imposed a sentence of 24 months' imprisonment, representing a downward variance from the Guideline range. I continued bail on the same conditions previously imposed (an unsecured personal recognizance bond, with conditions), and permitted Mr. Lee to voluntarily surrender for service of sentence on the date designated by the Bureau of Prisons.

On September 11, 2015, Mr. Lee filed a notice of appeal to the United States Court of Appeals for the Third Circuit. (Dkt. No. 184) The appeal was docketed approximately two weeks ago, and assigned Docket No. 15-3264. From the docket, it appears that there has been no significant activity beyond counsel's entry of appearance.

Release on bail pending appeal is governed by the Bail Reform Act. The relevant portion of the statute provides that a person sentenced to a term of imprisonment shall be detained,

> unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>   (i) reversal,
>   (ii) an order for a new trial
>   (iii) a sentence that does not include a term of imprisonment, or
>   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143 (b)(1).

I consider subsection (B) first. To find a "substantial question" on appeal, I need not find that my order is likely to be reversed; if I thought so, I would not have entered it in the first place. *See United States v. Miller,* 753 F.2d 19, 23 (3d Cir. 1985). Nor can I, like a bookmaker, handicap the outcomes of appeals. Rather, I look to the existence of a substantial *question—e.g.,* one that is "novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id.*

Mr. Lee raised a substantial issue as to whether he should be permitted to withdraw a plea of guilty. For its resolution, that issue required briefing and three days of evidentiary hearings. I do not repeat the facts or analysis in my opinion (Dkt. No. 173), which is incorporated here by reference. Suffice it to say that the issue Mr. Lee raised—whether the possible availability of a "government agent" intent defense undermined his plea—was substantial, if ultimately unsuccessful.

The issues on appeal go not to the length of sentence, but to the validity of the conviction. In terms of the Bail Reform Act criteria, such an appeal, if successful, would be likely to result in "(i) reversal [or] (ii) an order for a new trial." 18 U.S.C. § 3143(b)(1)(B). That is, an order granting Mr. Lee's appeal would likely require vacatur of the guilty plea and restoration of the case to the trial calendar. Absent a grant of bail, a substantial term of imprisonment would have been served pursuant to a conviction retroactively declared invalid.

The relatively short sentence here thus tends to support release on bail. The statute (although it addresses sentence only in the context of an appeal directed to the length of sentence itself) shows a sensitivity to the unfairness of an appeal's being mooted by the completion of service of sentence.[1] Here, I imposed a sentence of twenty-four months' imprisonment. The median disposition time for a Third Circuit appeal is 8.3 months. "U.S. Courts of

---

[1] The statute contemplates bail where an appeal seeks "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143 (b)(1)(iv).

Appeals—Federal Court Management Statistics–Summary," www.uscourts.gov/report-name/federal-court-management-statistics (most recent figure available: twelve month period ending June 30, 2015). That statistic aggregates disparate cases of varying degrees of complexity, and so must be applied with care to any individual criminal case. For a briefed, substantial appeal like this one, a disposition time of twelve months might not be out of the ordinary. In short, half the defendant's sentence may be served before the validity of the underlying conviction is addressed on appeal.

I am therefore inclined to grant bail pending appeal provided that the criteria of 18 U.S.C. § 3143(b)(1)(A) are met.

The United States concedes that the defendant does not pose a danger to the safety of any other person or the community. That concession is sound. The offense does not involve, *e.g.*, drugs or violence, and Mr. Lee has no criminal or personal history that suggests danger.

Rather, the United States suggests that Mr. Lee poses a risk of flight. He is not a U.S. citizen. Should his conviction be upheld, says the government, he is likely to be deported, and hence would have little incentive to report for service of sentence. Mr. Lee has, however, fully complied with his conditions of release thus far. Although not a citizen, he possesses legal immigration status and has lived in this country since 1999. He served as an intelligence analyst in the South Korean military for eight years, retiring with the rank of First Sergeant. He has college-level degrees in business and physical education. He is an accomplished practitioner of Tae Kwon Do and runs a business teaching that martial art in the U.S. He is married, and has a steady employment history in this country. He has no prior criminal history, and has not used aliases. In short, there is good evidence of reliability in general and attachment to the United States in particular. Deportation, while possible, is not a certainty, and Mr. Lee, by fleeing, might well forever destroy any possibility of remaining in this, his adopted home.

I therefore find that there are conditions of release that could ensure Mr. Lee's appearance as required, whether for further trial proceedings or for service of sentence, depending on the outcome of his appeal.

That said, it has been some two years since the Court considered conditions of bail afresh. The entry of judgment and the pendency of an appeal might well alter the Court's view of what particular conditions of release are sufficient. I therefore direct counsel for the United States and for the defendant to schedule an appearance before Magistrate Judge Hammer, who will consider whether additional security should be required, or additional conditions of supervision imposed. I will require in addition that counsel jointly submit a brief report as to the status of the appeal six months after the date of this opinion, and every three months thereafter.

## CONCLUSION

For the reasons stated above, Defendant's motion for release on conditions pending appeal is **GRANTED**.

_____
**Hon. Kevin McNulty**
**United States District Judge**